**Kinkade, J.,** dissents from the second proposition of syllabus.

---

## ERROR—MASTER AND SERVANT.

[Hamilton (1st) Circuit Court, June 29, 1907.]

Swing, Giffen and Smith, JJ.

JOHN GILL v. PITTSBURG, C. C. & ST. L. RY.

RELATION OF VICE-PRINCIPAL AND SUBORDINATE BETWEEN WORKMEN UNDER ONE FOREMAN HELD ESTABLISHED.

> Evidence that defendant's foreman directed plaintiff to help another workman whenever the latter called upon him to do so sufficiently establishes the relation of vice principal between such workman and plaintiff. Hence, instructions denying such relation in effect takes the case from the jury are prejudicial and erroneous.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**J. T. Harrison,** for plaintiff in error.

**Maxwell & Ramsey,** for defendant in error.

**GIFFEN, J.**

The court gave the following special instructions to the jury at the request of defendant:

"If you find that the plaintiff was instructed by his foreman to help Achten when called on by Achten, and that this was the whole of the foreman's order on that point; your verdict must be for the defendant."

Also—

"If the jury find that the only evidence on the subject of direction or control of Achten over Gill was in the words that Gill should help Achten whenever he called on him, this alone would not be sufficient to make Achten a superior servant."

Gill v. Railway.

The testimony shows that the foreman ordered the plaintiff to help Achten whenever he called on him to do so, and is substantially the same testimony presented by the record of the first trial of this cause, wherein this court held it sufficient evidence of the subordinate position of plaintiff, and of authority and control of Achten over him. The judgment in that trial was reversed because the court arrested the case from the jury. The above instructions, in effect, took the case from the jury by designating the only evidence of the relationship of vice principal and subordinate as insufficient.

We are still of the opinion that the order to plaintiff "to help Achten whenever he called upon him" placed plaintiff under the control of and subordinate to Achten. Hence the instructions were erroneous and prejudicial.

Judgment reversed and cause remanded for new trial.

**Swing** and **Smith, JJ.,** concur.